**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Binita Guibord, <br><br>　　　Plaintiff, <br><br> v. <br><br> Kovitz Shifrin Nesbit, A Professional Corporation, <br><br>　　　Defendant. | Case No. <br><br><br> **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF** <br><br> **JURY TRIAL DEMANDED** |

**PARTIES**

1. Plaintiff, Binita Guibord ("Binita"), is a natural person who resided in Hoffman Estates, Illinois, at all times relevant to this action.

2. Defendant, Kovitz Shifrin Nesbit, A Professional Corporation ("KSN"), is an Illinois professional corporation that maintained its principal place of business in Mundelein, Illinois, at all times relevant to this action.

**JURISDICTION AND VENUE**

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. Pursuant to 28 U.S.C. § 1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, KSN collected consumer debts.

6. KSN regularly uses instrumentalities of interstate commerce and the mails to collect consumer debts owed or due or asserted to be owed or due another.

7. KSN is a "debt collector" that regularly collects consumer debts as defined by 15 U.S.C. § 1692a(6).

8. As described, *infra*, KSN contacted Binita to collect a debt that was incurred primarily for personal, family, or household purposes.

9. Binita is a "consumer" as defined by 15 U.S.C. § 1692a(3).

10. Binita owns a condominium ("Condo") in Chicago, Illinois.

11. As part of her ownership, Binita agreed to pay her Homeowners Association ("HOA") a proportionate share of the expenses of administration, maintenance and repair of the common elements/areas and other expenses in relation to the Condo ("HOA Fees").

12. This alleged obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

13. While traveling outside of the United States, Binita's wallet was stolen and, as a result, Binita cancelled her credit and debit cards.

14. After receiving a new debit card, Binita updated the new debit card information with her creditors to continue her automatic payments from her bank.

15. Unfortunately, Binita seemingly failed to update HOA with the payment information for HOA Fees and, as such, these accounts became delinquent.

16. Rather than attempt to reach out to Binita, HOA sent Binita's past due HOA Fees to KSN for collection.

17. As a result, KSN began adding additional charges, including attorney fees, to Binita's HOA Fees.

18. On information and belief, the attorney fees KSN added are in excess to the reasonable work KSN undertook on the file.

19. Moreover, KSN's legal fees incurred were unreasonable being that prior to beginning its "legal work" it didn't attempt to informally notify Binita that she had missed payments to her HOA.

20. For reasons better explained by KSN, KSN sent a legal demand letter to addresses it knew, or should have known, Binita did not reside.

21. For example, one such letter was addressed to "Unknown Occupants" at the subject property.

22. On a date better known by KSN, the letter addressed to "Unknown Occupants" was opened by a third party unrelated to this dispute.

23. To clear up this dispute, Binita began communicating with KSN by email, which unfortunately, did not go well.

24. Because of the unusual and vague additions KSN made to HOA Fees, prior to paying, Binita demanded an explanation from KSN as to how KSN came up with the inflated balance KSN demanded Binita pay.

25. Eventually, Binita sensed hostility and oppression from KSN's words and conduct and attempted to find a way to opt out of KSN's emails.

26. Being unable to find any conspicuous (or even inconspicuous) opt out notice, Binita purchased a stamp and an envelope and mailed a letter to KSN opting out of future electronic correspondence.

27. It is the policy and procedure of KSN to not require conspicuous opt-out notices in their electronic communication as required by 12 CFR § 1006.6 of Regulation F, which requires debt collectors to include a clear and conspicuous statement that the consumer has the right to request that the debt collector cease further communication with the consumer, in all electronic communications.

28. As a result of KSN's policies and procedures, after purchasing the stamp, drafting and printing the letter, Binita had to make the trek to a United States Postal Service Office ("Post Office") to mail the letter.

29. KSN's policies and procedures violate the FDCPA.

30. KSN's collection efforts, including, its emails and disregard for Binita's privacy, caused Binita emotional distress in the form of frustration, annoyance, aggravation, embarrassment and anxiety.

31. KSN's collection efforts also intruded upon Binita's privacy.

32. In addition, each time KSN emailed Binita, it occupied her electronic devices with data causing congestion and impaired functionality of her electronic devices.

33. Binita has suffered concrete harm as a result of KSN's actions, including but not limited to, invasion of privacy, aggravation that accompanies unwanted collection emails, emotional distress, increased risk of personal injury resulting from the distraction caused by the emails and the otherwise unnecessary trips to locations in order to communicate with KSN, increased usage of her electronic devices, loss of computer device capacity, decreased battery life on her cellular phone and other electronic devices and diminished space for data storage.

34. Additionally, Binita suffered concrete harm as a result of KSN's actions in that she was required to purchase stationery and postage to enforce her federal opt-out rights and embark

in a undesirous trip to the Post Office which put unnecessary wear, tear and mileage on her automobile speeding up unfavorable depreciation hurting the resale value of her automobile, and caused her to incur additional and otherwise unnecessary out of pocket expenses for gasoline to power her automobile.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

35. Binita re-alleges and incorporates by reference Paragraphs 5 through 34 above as if fully set forth herein.

36. Defendant violated 15 U.S.C. § 1692c(b) by communicating with a third party in connection with the collection of the debt without Plaintiff's consent.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

37. Binita re-alleges and incorporates by reference Paragraphs 5 through 34 above as if fully set forth herein.

38. In order to establish a violation of Section 1692d of the FDCPA, a consumer need not prove intentional conduct by the debt collector. *See Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 135 (2nd Cir. 2010); *Horkey v. J.V.D.B. & Assocs., Inc.*, 333 F.3d 769, 774 (7th Cir. 2013) ("[Plaintiff] points to no evidence in the record regarding [Defendant's] intent, which is just as well, because intent is irrelevant" in a § 1692d claim).

39. "Instead, applying an objective standard, as measured by the 'least sophisticated consumer,' the consumer need only show that the likely effect of the debt collector's communication or conduct could be construed as harassment, oppression or abuse." *See Lee v. Credit Mgmt., LP*, 846 F. Supp. 2d 716, 721 (S.D. Tex. 2012).

40. The likely effect of Defendant's debt collection efforts, as measured by the "least sophisticated consumer" standard, was "to harass, oppress, or abuse" Plaintiff.

41. Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff in connection with the collection of the debt.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

42. Binita re-alleges and incorporates by reference Paragraphs 5 through 34 above as if fully set forth herein.

43. A debt collector's intent to violate the FDCPA may be inferred by its maintenance of policies and procedures which, in themselves, violate the FDCPA. *See Anchondo v. Anderson, Crenshaw & Associates, L.L.C.,* 256 F.R.D. 661, 671 (D.N.M. 2009); s*ee also Kromelbein v. Envision Payment Sol., Inc.*, 2013 WL 3947109, *7 (M.D. Penn. Aug. 1, 2013)("company policy can be just as much a violation of [FDCPA] as the rogue act of an individual employee. If anything, a company policy that violates the FDCPA is a more egregious transgression because it indicates endemic, rather than isolated, disregard for debtor rights."); *citing Edwards v. Niagara Credit Sol., Inc.*, 586 F. Supp. 2d 1346, 1354 (N.D. Ga. 2008) (awarding maximum damages in part because conduct was company policy, thereby making it routine and frequent).

44. Defendant's policies and procedures relating to the ability for consumers to opt out of electronic communication constitutes "conduct the natural consequence of which is to harass, oppress, or abuse" consumers.

45. Defendant's practice, therefore, violates Section 1692d of the FDCPA, which provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

6

*See* 15 U.S.C. §1692d.

46. Because Defendant's practice, in itself, violates the FDCPA, it reflects an intent to harass consumers generally.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

47. Binita re-alleges and incorporates by reference Paragraphs 5 through 34 above as if fully set forth herein.

48. Defendant violated 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

49. Binita re-alleges and incorporates by reference Paragraphs 5 through 34 above as if fully set forth herein.

50. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means to collect the debt.

## JURY DEMAND

51. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

52. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

    b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Date: May 23, 2023

By: /s/ Jeffrey S. Hyslip
Jeffrey S. Hyslip, Esq.
Hyslip Legal, LLC
207 S. Harrison Street, Suite A
Algonquin, IL 60102
Phone: 614-362-3322
Email: jeffrey@hysliplegal.com

*Attorney for Plaintiff*